UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALSAAD SABEEH, | Civil Action No. 16-8398 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| CHARLES GREEN, et al., | |
| Respondent. | |

Petitioner Alsaad Sabeeh, a detainee at Essex County Correctional Facility, has filed an application to proceed *in forma pauperis* ("IFP") and a Petition for Writ of Habeas Corpus challenging his detention pursuant to 28 U.S.C. § 2241 (ECF No. 1). The Court will grant his IFP application. At this time, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice as premature.

Petitioner states in his Petition that he was taken into the custody of the Department of Homeland Security on July 6, 2016.[1] (ECF No. 1, Pet. at 5.) Because Petitioner did not fill out the section of the Petition related to his immigration proceedings, it is not clear whether he is subject to a final order of removal or if his immigration proceedings are still pending. (*See id.*)

---

[1] Petitioner also states in his Petition that he has been held for six months; however, if he was taken into custody on July 6, 2016, he has been in custody for less than five months.

-1-

He states in his Petition that Immigration and Customs Enforcement Officials told him that he would be released within 90 days. (*Id.* at 6.) He asks the Court to order his release. (*Id.* at 8.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Here, it is not clear whether Petitioner is subject to a final order of removal. Section 1231(a) requires the Government to detain an alien during the ninety-day removal period following a final order of removal. 8 U.S.C. § 1231(a)(2); *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). Removable aliens may be detained beyond that ninety-day period as long as "reasonably necessary" to effectuate the alien's removal. *Zadvydas*, 533 U.S. at 689, 699. In *Zadvydas v. Davis*, the Supreme Court established a period of six months from the date the order of removal

becomes final as a presumptively reasonable time in which to effectuate an alien's removal. *Id.* at 701. Under 8 U.S.C. § 1231(a)(1)(B) "[t]he removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C.A. § 1231 (West). After the six month period has elapsed, the alien must show that there is "no significant likelihood of removal in the reasonably foreseeable future" in order to merit habeas relief. *See id.* If the alien makes such a showing, the Government "must respond with evidence sufficient to rebut that showing." *Id.* As explained by the Supreme Court, "[t]his 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* *See also Concepcion v. Aviles*, No. CIV.A. 15-2053 SDW, 2015 WL 3794776, at *3 (D.N.J. June 17, 2015).

To the extent Petitioner immigration proceedings are ongoing, and he is in custody pursuant to 8 U.S.C. 1226(c), his detention is governed by *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011). In *Diop*, the Third Circuit held that §1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." *Diop*, 656 F.3d at 231. Determining whether a period of detention is reasonable under the circumstances is a fact-dependent inquiry "requiring an assessment of all of the circumstances of a given case." *Id.* at 234. In this context, reasonableness is "a function of whether [the period of detention] is necessary to fulfill the purpose of the statute." *Id.*

3

In *Demore v. Kim*, 538 U.S. 510, 530 (2003), the Supreme Court observed that detention under §1226(c) "lasts roughly a month and a half in the vast majority of cases . . . and about five months in the minority of cases." In *Demore*, the Court held that where an alien is detained for six months, including a period of time arising out of a continuance requested by the petitioner, that alien's detention was not an unconstitutional restraint on the petitioner's liberty. *Id.* at 530-31. The Third Circuit has thus observed that where detention exceeds the period specified in *Demore*, "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues." *Diop*, 656 F.3d at 234.

The Third Circuit recently clarified what amounts to a reasonable period of detention under § 1226(c) in *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (2015). In that case, the Third Circuit determined that "beginning sometime after the six-month timeframe considered by *Demore*, and certainly by the time [a petitioner] ha[s] been detained for one year, the burdens to [the petitioner's] liberty outweigh[] any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478. Thus, while there is no bright line rule as to when a period of detention becomes unreasonable under the circumstances, *see id.* at 474 n. 7, it is clear that this does not occur until the six month mark has been surpassed. *See id.* at 478.

As noted above, Petitioner states in his Petition that he was taken into custody on July 6, 2016. (ECF No. 1, Pet. at page 5.) As Petitioner has not yet been detained for six months, this petition is premature under *Zadvydas, Demore,* and *Chavez-Alvarez*. As such, this Court will dismiss this petition without prejudice to the filing of a new petition in a new case in the event that Petitioner's detention does exceed a reasonable period of time. An appropriate Order follows.

                                                                                                          _____
                                                                                                          Madeline Cox Arleo, U.S.D.J.

Date: __Dec 7__, 2016